IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALAKA'I MECHANICAL CORPORATION, | ) CIVIL NO. 14-00145-HG-KSC<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| RMA LAND CONSTRUCTION, INC. - ECC (A JOINT VENTURE); RMA LAND CONSTRUCTION, INC.; and ENVIRONMENTAL CHEMICAL CORPORATION, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER REFERRING THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION BACK TO THE MAGISTRATE JUDGE
(ECF No. 51)**

Plaintiff Alakai Mechanical Corporation has filed a collection action against a joint venture. The joint venture is comprised of two entities. Only one of the two entities has appeared before the Court.

The Motion before the Court moves for default judgment against the non-appearing party, RMA Land Construction, Inc. The Magistrate Judge has filed a Findings and Recommendation addressing the default judgment motion. (ECF No. 51). No party has filed an objection to the Magistrate Judge's Findings and Recommendation.

The Court **REFERS** the December 8, 2015 Findings and Recommendation (ECF No. 51) back to the Magistrate Judge for

1

consideration of the issues raised herein.

## BACKGROUND

Defendants RMA Land Construction, Inc. ("RMA") and Environmental Chemical Corporation ("ECC") are partners in a joint venture, Defendant RMA Land Construction, Inc. - ECC (A Joint Venture) ("Joint Venture"). (Morgan Decl. at ¶ 2, ECF No. 42-2).

On March 10, 2011, Plaintiff Alakai Mechanical Corporation ("Plaintiff") entered into a contract with Defendant Joint Venture for construction-related work at Ford Island, Hawaii. (Morgan Decl. at ¶ 4, ECF No. 42-2; ECF No. 7-2). Plaintiff alleges that it performed its contractual duties, but the Joint Venture has failed to pay an invoiced amount of $102,630.80. (Amended Complaint at ¶¶ 14-15, ECF No. 7; Morgan Decl. at ¶¶ 6-7, ECF No. 42-2).

On March 24, 2014, Plaintiff filed suit against the Joint Venture and the two partners which formed the Joint Venture, RMA and ECC. (ECF No. 7). ECC and the Joint Venture have appeared before the Court. RMA has not appeared.

On June 26, 2014, ECC and the Joint Venture asked Plaintiff to dismiss the suit and agree to an arbitration. (Chung Decl. at ¶¶3-4, ECF No. 8-1). On November 14, 2014, Plaintiff, ECC, and the Joint Venture stipulated to a stay in the case proceedings. (Stipulation to Stay Proceedings

Pending Arbitration; Order at ¶ 1, ECF No. 35). The stay of proceedings was requested to allow the parties to resolve Plaintiff's claims through arbitration. (Stipulation to Stay Proceedings Pending Arbitration; Order at ¶ 1, ECF No. 35).

On February 6, 2015, Plaintiff entered into a settlement agreement with ECC. (ECF No. 42-6). The settlement agreement required ECC to pay Plaintiff $102,630.80 in three installments. (Settlement Agreement. at ¶ 1, ECF No. 42-6). As consideration for these payments, Plaintiff agreed to release ECC from any known claims relating to the collection action. (ECF No. 42-6). The settlement agreement did not involve RMA or the Joint Venture. (Settlement Agreement at ¶¶ 7; 19, ECF No. 42-6).

On April 6, 2015, pursuant to a stipulated request by Plaintiff, ECC, and the Joint Venture, the Magistrate Judge lifted the stay of proceedings. (ECF No. 39).

On August 31, 2015, Plaintiff filed a motion for default judgment as to Defendant RMA. (ECF No. 42).

**STANDARD OF REVIEW**

Federal law affords district courts with considerable discretion as to the treatment of unchallenged magistrate findings and recommendations. Thomas v. Arn, 474 U.S. 140, 149 (1985). The district court "may accept, reject, or

3

modify, in whole or in part," the magistrate judge's findings and recommendation. 28 U.S.C. § 636(b)(1)(C). This broad grant of review recognizes that the district court, not the magistrate judge, holds the duty of making a final determination of the facts and the law. Campbell v. U.S. Dist. Court for N. Dist. of Cal., 501 F.2d 196, 206 (9th Cir. 1974).

The district court may accept unobjected portions of a magistrate judge's findings and recommendation if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003); Abordo v. State of Hawaii, 938 F. Supp. 656, 658 (D. Haw. 1996).

## ANALYSIS

The Magistrate Judge's Findings and Recommendation (ECF No. 51) addresses Plaintiff Alakai Mechanical Corporation's ("Plaintiff") Renewed Motion for Default Judgment against RMA Land Construction, Inc. ("RMA") (ECF No. 42), and Supplemental Memorandum in Support (ECF No. 47) (collectively, "Plaintiff's Motion"). Plaintiff is seeking to recover breach of contract damages, attorneys' fees and costs, and prejudgment interest from RMA. (ECF Nos. 42; 47).

Plaintiff's Motion contained a proposed Findings and

4

Recommendation that was adopted by the Magistrate Judge. The Motion and the Findings and Recommendation both state that default judgment is warranted in this case, as RMA "has failed to answer, appear or otherwise defend, and the time to otherwise move or plead has expired and has not been extended in this action." (Renewed Motion for Default Jdgmt. at p. 2, ECF No. 42; F & R at ¶ 10, ECF No. 51).

The Magistrate Judge's Findings and Recommendation recommends a default judgment amount of $62,687.23. (F & R at ¶¶ 13-14, ECF No. 51). In support of this amount, the Findings and Recommendation attaches an exhibit provided by Plaintiff. Exhibit A is a table that explains the methodology applied in the default judgment calculation. (ECF No. 51-1). An examination of the table reveals that the recommended default judgment amount includes the principal damage figure Plaintiff sued upon, Plaintiff's attorneys' fees and costs, and prejudgment interest on those amounts. (ECF Nos. 47-1; 51-1).

**Default Judgment**

The Federal Rules of Civil Procedure allow for entry of default or default judgment when a party against whom affirmative relief is sought fails to plead or otherwise defend against the claim. Fed. R. Civ. P. 55. A defendant's

default does not automatically entitle the plaintiff to a court-ordered judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The district court has discretion as to the determination of whether default judgment is appropriate. Id.

The Ninth Circuit Court of Appeals has instructed district courts to consider the following factors (the "Eitel Factors") when determining whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff if relief is denied;
>
> (2) the substantive merits of the plaintiff's claims;
>
> (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake in relationship to the defendant's behavior;
>
> (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and
>
> (7) the strong public policy favoring decisions on the merits.
>
> Eitel v. McCool, 782 F.2d 1470, 1471–1472 (9th Cir. 1986).

At the default judgment stage, well-pleaded factual allegations, except those related to damages, are deemed

admitted and are sufficient to establish the unresponsive defendant's liability. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). The Court must ensure that the amount of claimed damages is reasonable and substantiated by the plaintiff's evidence. See Fed.R.Civ.P. 55(b); LG Elecs., Inc. v. Advance Creative Computer Corp., 212 F. Supp. 2d 1171, 1178 (N.D. Cal. 2002).

The Findings and Recommendation does not address whether a default judgment in this case satisfies the Eitel Factors, nor does it ascertain whether the amount of claimed damages is reasonable and substantiated. Such findings are necessary prerequisites to an entry of default judgment.

**California Law Governs the Determination of Substantive Issues Relating to the Contract**

The contract entered into by Plaintiff with RMA Land Construction, Inc. - ECC (A Joint Venture) ("Joint Venture") states that California law shall govern its terms. (Subcontract Agreement at §23.2, p. 13, ECF No. 7-2).

Federal courts sitting in diversity must apply the forum state's choice of law rules to determine the controlling substantive law. Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002). Hawaii courts enforce a contract's choice of law provision if the "chosen law has some nexus with the parties or the contract." Del Monte Fresh Produce (Hawaii), Inc. v.

Fireman's Fund Ins. Co., 183 P.3d 734, 741 (Haw. 2007) (internal quotations omitted) (quoting Airgo, Inc. v. Horizon Cargo Transp., 670 P.2d 1277, 1281 (Haw. 1983)(ordering trial court to apply contract's choice of law provision to determine attorneys' fees and prejudgment interest awards)).

Plaintiff is a Hawaii corporation.  Plaintiff states that upon information and belief, the two members of the Joint Venture  (RMA and Environmental Chemical Corporation ("ECC")) and the Joint Venture itself each have their principal place of business in California and are domiciled there.  (Amended Complaint at ¶¶ 2-4, ECF No. 7).

The contract between the Joint Venture and Plaintiff states that it is "deemed made and to be performed in the County of Orange, State of California."  (Subcontract Agreement at §23.3, p. 13, ECF No. 7-2).  The Supreme Court of Hawaii has stated that "[o]ne of the prime objectives of contract law is to protect the justified expectations of the parties.  When the parties choose the law of a particular state to govern their contractual relationship and the chosen law has some nexus with the parties or the contract, that law will generally be applied."  Airgo, Inc., 670 P.2d at 1281.

California law appears to govern the determination of any substantive issue relating to the contract, including the default judgment amount, applicability of prejudgment

8

interest, and Plaintiff's attorneys' fees and costs.

**Liability of Defendants**

Plaintiff avers that Defendants RMA and ECC are partners that formed Defendant Joint Venture. (Morgan Decl. at ¶ 2, ECF No. 42-2). Plaintiff states that as general partners, RMA and ECC are jointly and severally liable for any debts incurred by Defendant Joint Venture. (Morgan Decl. at ¶¶ 2; 11, ECF No. 42-2).

On February 6, 2015, Defendant ECC and Plaintiff entered into a settlement agreement. (ECF No. 42-6). The terms of the settlement agreement required ECC to pay Plaintiff $102,630.80 in three installments. (Settlement Agreement at ¶ 1, ECF No. 42-6). As consideration for these payments, Plaintiff agreed to release ECC from any knows claims relating to the collection action. (ECF No. 42-6). The settlement agreement did not affect the status of Plaintiff's claims against the Joint Venture or RMA. (Settlement Agreement at ¶¶ 7; 19, ECF No. 42-6).

**Default Judgment Against RMA Requires Special Attention**

Where, as here, a party requests that judgment be entered against fewer than all defendants, concerns regarding fairness and reasonableness emerge. <u>Johnson v. Cate</u>, No.

9

109 CV 00502 OWW SMS, 2009 WL 1769621, at *2 (E.D. Cal. June 23, 2009). Before default judgment pursuant to Fed. R. Civ. P. 55 may be entered, Fed. R. Civ. P. 54(b) requires a court to "expressly determine[] that there is no just reason for delay." Fed. R. Civ. P. 54(b); In re First T.D. & Inv., Inc., 253 F.3d 520, 531-533 (9th Cir. 2001) (analyzing Fed. R. Civ. P. 54(b)); Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (same). In addition, there must be consideration as to what effect, if any, the settlement agreement between Plaintiff and ECC has on the reasonableness of the default judgment levied against RMA.

**The Findings and Recommendation's Computation of the Default Judgment Amount**

The Findings and Recommendation's computation of the default judgment amount, $62,687.23, and the daily interest accrual, $16.89, are incorrect.

In Exhibit A of the Findings and Recommendation, a table delineates the method by which the proposed order, provided by the Plaintiff to the Magistrate Judge, calculated the recommended default judgment amount. (ECF No. 51-1).

The table begins with the principal balance Plaintiff alleges Defendants owe in this case: $102,630.80. (Ex. A at line 1, ECF No. 51-1). The table then adds prejudgment interest of 10 percent per annum to the principal balance for

the period between November 1, 2012 through March 12, 2015. (Ex. A at line 2). Attorneys' fees and costs from the same period are also added. (Ex. A at lines 4-5). The table then deducts the first of three payments ECC provided to Plaintiff, pursuant to their settlement agreement. (Ex. A at lines 7-8).

After accounting for ECC's first payment, the table continues to add attorneys' fees, (Ex. A at line 9, ECF No. 51-1), and prejudgment interest on the principal balance, (Ex. A at lines 10-11), to the default judgment amount for the period between March 13, 2015 and June 2, 2015. (Ex. A at line 12).

On June 2, 2015, Plaintiff received the second of three payments from ECC. (Ex. A at line 13, ECF No. 51-1). As before, the table credits the ECC payment to the default judgment balance. (Ex. A at lines 13-14). The table, however, then adds prejudgment interest for the period between June 3, 2015 through September 2, 2015, to the *default judgment amount*. (Ex. A at lines 15-16). The default judgment amount at that point comprised of the remaining principal (and accompanying prejudgment interest on that figure), attorneys' fees, and Plaintiff's costs. (Ex. A at lines 15-16).

A similar pattern continues for the remainder of the table's calculation: attorneys' fees are added to the default

11

judgment amount, (Ex. A at line 17, ECF No. 51-1), the third ECC payment is credited, (Ex A. at lines 19-20), and prejudgment interest is added. (Ex. A at lines 21; 23).

An amount of $246.17 of attorneys' fees is then deducted from the default judgment amount. (Ex. A at line 25, ECF No. 51-1). It is not clear what the amount actually represents, but it is described in the default judgment table as "Deduct of Attorney's Fees Per 25% Assumpsit Cap." (Ex. A at line 25). A final default judgment amount of the calculation is $62,687.23. (Ex. A at line 26).

At the bottom of Exhibit A, the default judgment table announces that interest on the calculated default judgment amount would "accrue at a rate of $16.89 per day" after November 17, 2015. (ECF No. 51-1). This figure, too, adds prejudgment interest on the default judgment amount, which is inclusive of attorneys' fees and costs. (Id.).

**Inclusion of Attorneys' Fees in the Default Judgment Calculation**

The Findings and Recommendation's default judgment table in Exhibit A (ECF 51-1) should not have included attorneys' fees and costs in the calculation of a default judgment amount. Attorneys' fees and costs must be tabulated

12

separately.

An award of default judgment is considered an award of damages. Matera v. McLeod, 51 Cal. Rptr. 3d 331, 343 (Cal. Ct. App. 2006); Falahati v. Kondo, 26 Cal. Rptr. 3d 104, 109-110 (Cal. Ct. App. 2005). Attorneys' fees and costs "are not an ordinary item of actual damages." Davis v. Air Tech. Indus., Inc., 582 P.2d 1010, 1014 (Cal. 1978). In cases involving contract actions, the California Code of Civil Procedure distinguishes between a default judgment for damages specified in the complaint and an award for attorneys' fees and costs. Cal. Code Civ. Proc. § 585; Becker v. S.P.V. Constr. Co., 612 P.2d 915 (Cal. 1980) (analyzing a default judgment award of damages and an award of attorneys' fees separately). California courts look to the complaint's demand of damages when discerning the appropriate default judgment amount to be levied against an unresponsive defendant. Falahati, 26 Cal. Rptr. at 109-110.

The default judgment table in Exhibit A of the Findings and Recommendation erroneously computed attorneys' fees and costs as part of the default judgment amount. The default judgment amount in this case is comprised of (1) any remaining principal balance, and (2) any prejudgment interest accrual on the principal. Attorneys' fees and costs must be computed separately.

**Prejudgment Interest on Attorneys' Fees and Costs**

The Findings and Recommendation's default judgment calculation table in Exhibit A (ECF 51-1) adds prejudgment interest to attorneys' fees and costs.  (Ex. A at lines 15-24, ECF No. 51-1).  Prejudgment interest must not be based on any attorneys' fees or costs.

California regulates prejudgment interest awards by statute.  See Cal. Civ. Code §§ 3287; 3289.  The plain text of California law restricts the application of prejudgment interest to *damages*.  Cal. Civ. Code § 3287(a).  Prejudgment interest is limited to damages because it is meant to compensate the plaintiff for the "accrual of wealth" that could have been produced, but for the defendant's failure to perform its obligations.  Great W. Drywall, Inc. v. Roel Const. Co., 83 Cal. Rptr. 3d 235, 238-239 (Cal. Ct. App. 2008).  Attorneys' fees and costs are not ordinarily considered damages.  Davis, 582 P.2d at 1014.  Attorneys' fees and costs are unrelated to Defendant RMA's failure to perform on the contract.  The default judgment table in Exhibit A of the Findings and Recommendation must not add prejudgment interest on Plaintiff's attorneys' fees and costs.

**The Contract Between the Parties Regulates Fees and Costs Related to Litigation in Court**

The contract between the parties explicitly authorizes

14

the prevailing party to collect attorneys' fees and costs incurred while prosecuting its claim *in court*.  (Subcontract Agreement at §§ 14.2; 23.7, ECF No. 7-2).  The contract does not allow for the collection of fees and costs related to any arbitration between the parties, (Subcontract Agreement at § 14.2), or legal fees and costs not related to litigation in court.  (Subcontract Agreement at §§ 14.2; 23.7).

In Exhibit 3 of its Renewed Motion for Default Judgment, Plaintiff submitted documentation that accounts for legal work performed in relation to an arbitration.  (Ex. 3 at pp. 11; 13, ECF No. 42-5).  The contract between the parties only permits recovery of fees and costs relating to litigation in court.  (Subcontract Agreement at §§ 14.2; 23.7, ECF No. 7-2).

**Reasonable Attorneys' Fees**

California law requires Plaintiff's fees and cost request be reasonable.  Cal. Civ. Code § 1717(a).  A determination of reasonableness is a necessary prerequisite to any award of attorneys' fees.  Cal. Civ. Code § 1717(a).

Under California law, where a contract explicitly carves out a prevailing party's right to claim attorneys' fees and costs, that party "shall be entitled to reasonable attorney's fees in addition to other costs."  Cal. Civ. Code § 1717(a).

Section 23.7 of the contract states in part that a

prevailing party in litigation is entitled to recover "the attorneys' fees and costs of litigation actually incurred." (Subcontract Agreement at §23.2, p. 13, ECF No. 7-2).  Under California law, however, a contractual provision that awards actual fees does not bind a court to award anything more than reasonable attorneys' fees.  PLCM Grp. v. Drexler, 997 P.2d 511, 519 (Cal. 2000).  Plaintiff is due reasonable attorneys' fees.

**Calculation of the Days of Prejudgment Interest**

On Lines 15 and 16 of Exhibit A of the Findings and Recommendation, the interest calculation incorrectly states the number of days between 6/3/15 through 9/2/15.  There were in fact 92 days from 6/3/15 through 9/2/15, not 82 as indicated.  As a result, the calculated prejudgment interest amount for that period is erroneous.

On Line 21 of Exhibit A of the Findings and Recommendation, the prejudgment interest calculation, referred to as "Per Diem," for the period between 9/2/15 and 10/13/15 should begin on 9/3/15, and not 9/2/15.  Throughout Exhibit A, the calculation of days between dates has included both the beginning date and end date.  Applying 9/2/15 as a start date on Line 21 would lead to a double counting of 9/2/15, as Line

16

15 already considers 9/2/15 in its interest calculation.  The actual tally of days presented, 41, is correct.

**Date of Plaintiff's Renewed Motion for Default Judgment**

On Page 1, first paragraph, Line 3, replace "September 8, 2015 [Doc. 47]" with "August 31, 2015 (ECF No. 42)."  The date for Plaintiff's Renewed Motion for Default Judgment is incorrectly stated as September 8, 2015.  The Renewed Motion was filed on August 31, 2015.

## CONCLUSION

Pursuant to Fed. R. Civ. P. 55(b)(2), the Court **REFERS** the Findings and Recommendation back to the Magistrate Judge for consideration of the issues raised herein.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, January 15, 2016.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

Alaka'i Mechanical Corporation v. RMA Land Construction, Inc. - ECC (A Joint Venture); RMA Land Construction, Inc.; and Environmental Chemical Corporation, Civil No. 14-00145 HG-KSC, **ORDER REFERRING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION BACK TO THE MAGISTRATE JUDGE (ECF No. 51)**